NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30599
19-OCT-2010
10:36 AM**

NO. 30599

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

AMERICAN EXPRESS CENTURION BANK, Plaintiff-Appellee, v.
SOLOMON NALUA'I, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC09-1-1148)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Defendant-Appellant Solomon D. Nalua'i (Appellant) has asserted from the May 20, 2010 judgment, because Appellant's appeal appears to be untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009),

> appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote

omitted; emphases added). The May 20, 2010 judgment fully decides all the rights and liabilities of the parties, leaving nothing further to be adjudicated. Therefore, the May 20, 2010 judgment is an appealable final judgment pursuant to HRS § 641-1(a).

However, Appellant did not file his June 22, 2010 notice of appeal within thirty days after entry of the May 20, 2010 judgment, as HRAP Rule 4(a)(1) requires. Therefore, Appellant's appeal in appellate court case number 30599 is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, October 19, 2010.

Presiding Judge

Associate Judge

Associate Judge

-2-